Turley, J.
delivered the opinion of the court.
This is a prosecution on the part of the State of Tennessee, against Marcus Taylor, for the offence of selling spirituous liquors to a slave, under the provisions of the act of 1842, chap. 141.
The bill of indictment was preferred in the Circuit Court of Hardeman county, at the January term, 1846, and charges that the defendant sold spirituous liquors to one Buck, a negro, slave, the property of Thomas Oliver, without a written permission from his owner.
The defendant demurred to the bill of indictment, and moved that it be quashed. The demurrer was overruled, and the motion set aside, and the defendant directed to plead to the bill. Whereupon he entered his plea of not guilty, upon which there was issue and trial, and a verdict against him. He then moved in arrest of judgment, which motion was overruled by the court, and judgment given against him, upon which he prosecutes an appeal to this court.
The question presented for our consideration is, whether the bill of indictment is defective in charging, that the selling of *511 spirituous liquors to a slave, was without the written permission of his owner. We think it is. The act of .1829, chap. 76, provides, that “any person who shall sell to any negro slave any spirituous liquors, without a written permit from the master or mistress of such negro slave, shall be indictable, and upon conviction, shall be find in a sum not less than five, nor more than fifty dollars.” Under this statute, the permission to sell must unquestionably have been in writing, but the act of 1842, chap. 141, provides, that no person shall sell any vinous, spirituous or fermented or intoxicating liquors, in any quantity, to any slave or slaves, without permission from his or her owner, master or mistress, or agent of the owner, and subjects the offender to a fine and imprisonment not less than one week or more than thirty days. Now this statute enlarges the prohibition of that of 1829, and increases the punishment. Upon principles of construction, then the act of 1842, necessarily repeals the act of 1829, and no bill of indictment can now be preferred under the act of 1829. This act being repealed by implication, cannot be construed in connection with theact of 1842, indeed, the act of 1842 needs not the aid of the act of 1829, for its construction.
The act of 1829, required, as we have seen, that the permission should be in writing; the act of 1842, nothing but a permission.
It is legitimate argument, that, in as much, as a written permission was required by the act of 1829, the legislature in rejecting the word' written in the act of 1842, did so knowingly, with the intention that a verbal permission should be sufficient warrant to the vendor, to sell the spirituous or other liquors to the slave.
There is nothing in the case of Martin vs. the State, 6th Hump. 204, in conflict with this opinion. It is true, the bill of indictment in that case, was filed under the act of 1842, and charges that the vending was without a permit in writing from the master. Yet the question arising thereon, was never presented to the court, and therefore not determined. The opinion in that case shows, that but two points were submitted for consideration.
*512 1st. There was not sufficient certainty in the description of the slave.
2nd. That there was no averment in the indictment, that there was not a written permission from the agent of the owner of the slave.
Both these points were decided against the defendant and the judgment of the Circuit Court affirmed.
We are therefore of the opinion, that the circuit judge erred in giving judgment against the defendant in this case and reverse the same. The judgment will therefore be arrested, the bill of indictment quashed, and the defendant discharged. ■